## HOUSTON G. WOOD *v.* CHICKASAW COUNTY.

STENOGRAPHERS, OFFICIAL.   *Salary.   Opening court.   Pretermission of term.   Code 1892, § 4242.*

An official·stenographer, attending the opening of a term of the circuit court, and ready to perform his official duties, is entitled, under Code 1892, § 4242, regulating the subject, to one week's salary where the term was thereafter pretermitted, although the trial of no case was begun.

FROM the circuit court of, first district, Chickasaw county.

HON. EUGENE O. SYKES, Judge.

Wood, the appellant, was plaintiff and petitioner in the court below; Chickasaw county was defendant there.   From a judgment disallowing plaintiff's petition and claim he appealed to the supreme court.

Appellant was the official stenographer of the first judicial district of Mississippi.   There are two circuit and chancery court districts in Chickasaw county.   Appellant attended the

April term held at Houston. The court was organized, the jurors and witnesses were present, and the officers in attendance. On the first day, and before the trial of any cause was begun, the term of the court was, on petition of some of the citizens, pretermitted. Two weeks later the term of court for the other district was convened, and in the same way, and before the trial of any cause was begun, that term was also pretermitted. At the October term, 1903, appellant, by petition, presented his bill for allowance for two weeks' service. The district attorney, the representative of the county, admitted the facts as stated in the petition, and agreed that the court might consider the allowance for both districts at that time. The court disallowed the claim *in toto*.

*Gilleylin & Leftwich,* for appellant.

Can a circuit judge adjourn a term of the circuit court with a sworn officer in attendance and refuse to allow him his stipend fixed by statute? This adjournment, wrongfully called "pretermitting" in the petition, was not by written order of the judge provided by sec. 913 of the code. It comes under code sec. 914, and that language of the section "or shall not continue to sit the whole term." The court was assembled and organized, and by petition of the people adjourned without disposing of its business.

The stenographer is a sworn officer charged with important duties. Bond may be required of him (sec. 4239). By sec. 4240 the stenographer is required to attend each session of the circuit court "from day to day." By sec. 4243 it is made a misdemeanor for the stenographer to willfully neglect to perform any duty required of him—*e. g.,* failing to attend each session of court. His salary is fixed by sec. 4242, which is as follows: "The stenographer shall receive for his services a salary of forty dollars for each week or part of a week in which the court shall be held, payable out of the treasury of each county in which the court is held and the services are respective-

ly performed, which shall be audited and allowed by the court at each session thereof; or in case of failure to do so, then at any subsequent session; and the board of supervisors shall order the issuance of a warrant for the same on presentation of a duly certified order of the circuit court allowing the claim."

The plain terms of this section are that he shall have forty dollars for each week or part of a week in which the court shall be held. Now at each of these terms of court he left his home in Aberdeen before the court met to attend its session. He was at his desk ready to perform the task required of him. All the essentials of a court were in evidence; and the court held at least one day, for the law knows no part of a day. That day was part of a week. Whether the stenographer was able to reach his home before Tuesday or not does not appear, but he certainly performed the service required of him at each court for part of a week. The citizens and taxpayers who bear the burdens saw proper to conserve their own interests, and in some way (crop exigencies, perhaps) persuaded the court to adjourn it. Legal aspects aside, they ought to pay the stenographer his legal stipend as the other officers were paid. It is not a question of what was earned that week, but the question is, What does the law provide for? Shall the officer be held at his post under many penalties, and then be denied compensation?

*William Williams,* attorney-general, for appellee.

Calhoon, J., delivered the opinion of the court.

The attorney-general, for the county, submits this case without argument.

We think appellant's claim for salary should have been allowed. The courts were duly opened and organized at the proper time and place in the separate court districts of Chickasaw county. Appellant was at his post; but the court, after

organization, on petition of citizens, adjourned the term.    The attending jurors drew their mileage and *per diem*.    Mr. Wood was entitled to his pay.    Code 1892, § 4242, gives him a salary for "each week or part of a week in which the court shall be held."    A part of a day is a part of a week, and the stenographer, traveling from place to place to attend the courts, is as much entitled to his weekly salary, where he is on hand ready for work, and a court is organized, as the jurors, sheriff, or clerk are to their allowance.

*Reversed and remanded.*